ERVIN, Judge.
After considering the record and the parties’ briefs, we consider that a portion of the order below, requiring Bituminous Casualty Corporation to reimburse Metropolitan Dade County Self-Insurance Fund for permanent partial disability payments the latter made to claimant, conflicts with that portion of the order stating the issue relating to claimant's permanent disability was undecided because not requested by claimant.
We agree the issue was not before the judge of industrial claims for decision. Accordingly, paragraph two of the decretal portion of the order is modified by striking the following words: “[N]ot only for the 5% permanent partial disability of the body as a whole rating which was paid to claimant, but also . . . .” The remainder of the order is sustained. We find competent and substantial evidence supporting the findings that the statute of limitations had not expired when the claim for medical benefits was filed, and that the March 4, 1976 accident was not an intervening accident relieving Bituminous from further responsibility for claimant’s medical care.
Affirmed in part, reversed in part.
ROBERT P. SMITH, Jr. and WENT-WORTH, JJ., concur.